**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEXANDER MOONEY and KEVIN BARTLETT, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DOMINO'S PIZZA, INC.; DOMINO'S PIZZA LLC; GDS ENTERPRISES, INC.; GEOFFREY D. SCHEMBECHLER, <br><br> Defendants. | Case No. 1:14-cv-13723-IT |

**ORDER GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

This matter came on for hearing on January 18, 2018, following Plaintiffs' Assented-To Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval"). Following hearing on the Motion for Final Approval, and the Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Settlement Class (as defined below).

2. The Court finds that the settlement memorialized in the Settlement Agreement and Release of Claims ("Settlement") is fair, reasonable and adequate under Fed. R. Civ. P. 23 and meets all requirements for final approval. The Court hereby finally and unconditionally approves and gives effect to the Settlement in its entirety. The Court finds that the terms and provisions of the Settlement have been entered into in good faith and are in the best interest of

the Settlement Class and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Rules of the Court, due process, and any other applicable law.

3.  Class counsel shall have the authority and discretion to direct the allocation of distributions to members of the Settlement Class, and to resolve any disputes as to such distributions, in a manner that is consistent with the terms of the Settlement and with applicable law, and based on all reasonably available information.

4.  Pursuant to Fed. R. Civ. P. 23(c)(2)(B), the Court approves the content and distribution of the Notice & Claim Form attached to the Motion for Final Approval as Exhibit 4. The Court finds that the content and distribution of such documents complies with Fed. R. Civ. P. 23 and due process.

5.  Pursuant to Fed. R. Civ. P. 23(h)(3), the Court makes the following findings of fact and legal conclusions in approving Plaintiffs' Assented-To Motion for Attorneys' Fees and Costs ("Motion for Fees and Costs"). The "common-fund" doctrine allows counsel to draw a reasonable fee as a percentage of the fund created by a settlement for the benefit of the class. *Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). As the First Circuit explained, the "percentage of fund" approach is a useful approach, and may be especially helpful in certain cases when combined with the lodestar approach. *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307-08 (1st Cir. 1995) (noting that the percentage of fund approach and the lodestar approach each "offer[] particular advantages," and therefore "the approach of choice is to accord the district court discretion to use whichever method, POF or lodestar, best fits the individual case[,] . . . . recognizing that the discretion we have described may, at times, involve using a combination of both methods").

Multiple considerations support approval of the requested award of fees and costs. First, the Settlement provides for a substantial award of money for the benefit of over numerous members of the Settlement Class. Second, the legal actions pursued by class counsel on behalf of the Settlement Class resulted in beneficial changes to the defendants' practices, including the enhancement of notices provided to customers about the delivery charge. Third, no member of the Settlement Class objected to the proposed award of fees and costs. Fourth, class counsel demonstrated resourcefulness, skill, efficiency, and determination in these cases. *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85-89 (D. Mass. 2005) (citing factors). Fifth, the amount of time spent on these matters has been substantial, as demonstrated by class counsels' lodestar, which totaled $45,000 as of the date of plaintiffs' Motion for Fees and Costs. Taking into account the additional time that class counsel have and will spend on settlement administration, the multiplier in this case is approximately 4.77, which is within the bounds of reasonableness for a class action. *See, e.g.*, *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (multiplier of 4.65); *In re Rite Aid Corp. Secs. Litig.*, 146 F. Supp. 2d 706, 736 n.44 (E.D. Pa. 2001) (multiplier in the range of 4.5 to 8.5). Sixth, class counsel advanced out-of-pocket expenses in the amount of $9,671 and expects to incur settlement administration expenses of an additional $23,924 (for total expenses of $33,595).

6. Settlement funds, totaling six-hundred and fifty-thousand dollars ($650,000), shall be distributed in accordance with the Settlement. More specifically:

    a. Each of the two named plaintiffs, Alexander Mooney and Kevin Bartlett, shall receive an incentive payment of twenty thousand dollars ($20,000);

    b. Fair Work, P.C., shall receive payment for attorneys' fees in the amount of two-hundred and fourteen thousand and five-hundred dollars ($214,500);

    c. Fair Work, P.C., shall receive payment for costs of thirty thousand dollars ($30,000);

    d. The remaining settlement funds, totaling three-hundred and sixty-five thousand and five-hundred dollars ($365,500) shall be distributed to the Settlement Class, in accordance with the Settlement; and

    e. In accordance with the Settlement, unclaimed settlement funds shall revert to a cy pres fund for the benefit of Fair Employment Project, Inc., a 501(c)(3) charitable organization providing legal information and counseling to Massachusetts workers.

7. Pursuant to Fed. R. Civ. P. 23(c)(2)(B)(v) and (c)(3)(B), because no member of the Settlement Class submitted a timely opt-out form, all members of the Settlement Class shall be bound by the Settlement and this Order.

8. Without affecting the finality of this Order, the Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement and this Order.

9. This case and all released claims are otherwise dismissed on the merits, with prejudice, and with each party to bear it own costs, except as otherwise set forth in this Order.

    IT IS SO ORDERED.

Date: January 23, 2018                            /s/ Indira Talwani
                                                               United States District Judge